# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-987

**CAROL J. VINCENT**

**VERSUS**

**CSE FEDERAL CREDIT UNION, ET AL.**

\*\*\*\*\*\*\*\*\*\*
**APPEAL FROM THE**
**FOURTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF CALCASIEU, DOCKET NO. 2012-5080**
**HONORABLE SHARON DARVILLE WILSON, DISTRICT JUDGE**
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Carol J. Vincent**
**Pro Se Plaintiff**
**435 Logan Street**
**Sulphur, LA  70663**
**(337) 292-9923**

**Paula M. Wellons**
**Gerald F. Arceneaux**
**Taylor, Wellons, Politz & Duhe, APLC**
**1515 Poydras Street, Suite 1900**
**New Orleans, LA  70112**
**(504) 525-9888**
**ATTORNEY FOR DEFENDANTS/APPELLEES:**
    **CSE Federal Credit Union, Maxie Langley, Amanda Vaussine and Tom Baldassari**

**COOKS, Judge.**

The record establishes on August 6 and 7, 2012, Mr. Carol Vincent went to CSE Federal Credit Union, located in Sulphur, Louisiana. The purpose of Mr. Vincent's visit was to attempt to resolve a federal tax lien issue for his friend, Mr. Victor Chaisson. Apparently, Mr. Chaisson desired to apply for a loan with CSE, but the tax lien was "holding up" that process.

During his visits, Mr. Vincent met with defendant, Amanda Vaussine, who was an employee of CSE. Mr. Vincent believed there was no actual tax lien against Mr. Chaisson and that "defendant [Ms.] Vaussine had fabricated the entire accusation of Mr. Chaisson having a federal tax lien against him." During his attempt to have the tax lien removed on the August 7, 2012 visit, a confrontation occurred between Mr. Vincent and Ms. Vaussine. Several witnesses would later testify that Mr. Vincent became very upset and spoke in a loud voice to Ms. Vaussine.

Police were eventually called to the scene, and after being interviewed by a deputy with the Calcasieu Parish Sheriff's Department, Ms.Vaussine filed a police report against Mr. Vincent. In that report she averred that Mr. Vincent threatened her and told her he had a gun and was going to kill the City of Sulphur Mayor Christopher Duncan and a city councilman, Mike Koonce. Mr. Vincent denied that he threatened Ms. Vaussine, told her he had a gun or threatened anyone else.

On December 12, 2012, Mr. Vincent filed a Petition for Damages, for Filing a False Police Report, for Defamation Per Se, for Intentional Infliction of Emotional Distress, for Intentional Tortious Conduct and for Malicious Prosecution based on the alleged fraudulent police report completed by Ms. Vaussine following the incident on August 7, 2012. Named as defendants were Ms. Vaussine, Maxie Langley, CSE, and "Jon Doe." Mr. Vincent has represented himself during the entire pendency of these proceedings.

On February 6, 2013, Mr. Vincent filed a Supplemental Petition for Damages adding Tom Baldassari as a defendant. After discovery commenced, Mr. Vincent filed several motions: A Motion to Compel Responses; A Motion in Limine; a Motion to Nullify Defendant, Amanda Vaussine's Discovery Responses; a Motion to Compel Plaintiff Propounded Second Set of Interrogatories to Defendant, Amanda Vaussine; a Motion to Compel Plaintiff Propounded First Set of Interrogatories to Defendant, Tom Baldassari; and an Exparte [sic] Motion and Order to Serve Additional Interrogatories to and upon Defendant, Amanda Vaussine. These motions involved the issue of whether a party's attorney is allowed to sign discovery responses on behalf of his client when the client had executed the required verification.

A hearing was held on the various motions on September 17, 2013, wherein the trial court denied each of Mr. Vincent's motions and awarded Defendants sanctions for the unfounded motions. Mr. Vincent then filed a Notice of Intention to Apply for Writs of Certiorari, Prohibition and Mandamus and Motion and Order to Fix Time for Filing Writ Application on October 16, 2013. Mr. Vincent then filed a Motion and Order for New Trial on November 15, 2013, which was denied by the trial court. On January 22, 2014, Mr. Vincent filed another Notice of Intention to Apply for Writs of Certiorari, Prohibition and Mandamus and Motion and Order to Fix Time for Filing Writ Application. Mr. Vincent did not complete either writ application despite filing two Motions for Extension of Time to File Supervisory Writs with this court.

On January 31, 2014, Mr. Vincent filed a Motion for Leave to file another Supplemental Petition for Harassment and Defamation of Character seeking to add this matter to his claims against Defendants herein. A hearing was held on March 25, 2014, wherein the trial court denied the motion to file the supplemental petition. On April 21, 2014, Mr. Vincent filed Notice of Intention to Apply for

Writs of Certiorari, Prohibition and Mandamus and Motion and Order to Fix Time for Filing Writ Application in response to that ruling. This court upheld the trial court's ruling and denied Mr. Vincent's application for writs.

Mr. Vincent also filed a Motion for New Trial, which was later withdrawn after the matter was reassigned from Judge Robert Wyatt to Judge Sharon Darville Wilson.[1]

Mr. Vincent also filed a Petition for Nullity of Judgment on September 17, 2014, naming Judge Wyatt and counsel for Defendants as direct defendants, and alleging false and scandalous accusations on their part as the basis for the nullity. Defendants filed a Motion to Strike Plaintiff's Petition for Nullity, a Motion to Revoke Plaintiff's Pauper Status for Abuse, and filed their own Motion for Summary Judgment seeking dismissal of Plaintiff's claims.

A hearing was held on the above filings on January 20, 2015, before Judge Wilson. After argument by the parties and a review of the record, Judge Wilson granted Defendants' Motion to Strike Plaintiff's Petition for Nullity, granted Defendants' Motion for Summary Judgment, and denied Defendants' Motion to Revoke Plaintiff's Pauper Status for Abuse.

Mr. Vincent then filed a Motion and Order for New Trial on January 20, 2015. Prior to the hearing on the motion for new trial, Mr. Vincent filed a Motion for Sanctions against Defendants' counsel, alleging fraudulent and scandalous wrongdoing on their part. After a hearing, Mr. Vincent's Motion for Sanctions was denied and stricken from the record due to its baseless nature and the Motion for New Trial was denied. Mr. Vincent then filed another Motion for New Trial on July 20, 2015, seeking a new trial from the denial of his prior Motion for New Trial, which was summarily denied without hearing.

---

[1] Judge Wyatt recused himself on his own motion, stating he "has a conflict due to the PLAINTIFF, Carol J. "CJ" Vincent, having become so upset and disgruntled with rulings by this court that he has become abusive to staff and this court's personnel; his discontent with this court has caused him to be totally un-objective with any adverse rulings to the point of disallowing this court to retain its objectivity."

On July 31, 2015, Mr. Vincent filed his first Motion and Order for Devolutive Appeal, which he subsequently withdrew. A second Motion and Order for Devolutive Appeal was filed on August 6, 2015. In that appeal, addressed in docket number 15-887, Mr. Vincent sought review of Judge Wilson's granting of Defendants' Motion for Summary Judgment and the denial of his Petition for Nullity.

Pertinent to this appeal, on September 10, 2015, Mr. Vincent filed another Motion and Order for Devolutive Appeal. In this appeal, Mr. Vincent is seeking review of Judge Wilson's denial and striking from the record of his Motion for Sanctions.

## ANALYSIS

The central issue running thorough Mr. Vincent's Motion for Sanctions was whether Defendants' counsel can sign discovery responses on behalf of his clients and whether Defendants' counsel's statement pertaining to Mr. Vincent's failure to timely seek writs despite having filed a Notice of Intent to Seek Writs on two separate occasions is sanctionable. The trial court reviewed both these issues, and found Mr. Vincent's Motion for Sanctions to be wholly without merit and denied same. Additionally, due to its determination that the allegations made by Mr. Vincent in his motion were baseless and derogatory, the trial court also struck the Motion for Sanctions from the record.

The standard of review by an appellate court on a denial of a motion for sanctions is the manifestly erroneous or clearly wrong standard. *Acosta v. B&B Oilfield Services, Inc.*, 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263. The record establishes beginning back in September of 2013, Mr. Vincent filed six separate district court pleadings relating to Defendants' discovery responses. The overriding assertion in these motions involved the issue of whether a party's attorney is allowed to sign discovery responses on behalf of their client. Mr.

Vincent maintained counsel for Ms. Vaussine and Mr. Baldassari signed their discovery responses. Mr. Vincent refused to acknowledge or recognize that Ms. Vaussine and Mr. Baldassari executed the required verification. The discovery responses were then signed by counsel for Ms. Vaussine and Mr. Baldassari as required by La.Code Civ.P. art. 1420. Thus, the discovery responses contained therein are their responses.

Mr. Vincent's continued assertion that Ms. Vaussine and Mr. Baldassari must personally sign their discovery responses in not supported by the Louisiana Code of Civil Procedure. Moreover, his allegations that counsel for Defendants lies every time he states he is allowed to sign on their behalf is baseless. The trial court was correct in denying Mr. Vincent's Motion for Sanctions.

Louisiana Code of Civil Procedure Article 964 provides that the court "on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent or scandalous matter." A motion to strike is proper if it is shown that the allegations being challenged are so unrelated to a claim as to be unworthy of consideration and that their presence in the pleading would be prejudicial to the moving party. *Carr v. Abel*, 10-835 (La.App. 5 Cir. 3/29/11), 64 So.3d 292, *writ denied*, 11-860 (La. 6/3/11), 63 So.3d 1016.

Mr. Vincent's Motion for Sanctions was wholly without merit and contained baseless and derogatory allegations against Defendants' counsel. The trial court did not err in striking Mr. Vincent's Motion for Sanctions from the record.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant, Carol J. Vincent.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2—16.3.